UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASVIR SINGH, Petitioner | CIVIL DOCKET NO. 1:20-CV-00808-P |
| VERSUS | JUDGE DRELL |
| U.S. CITIZENSHIP & IMMIGRATION SERVICES, *et al.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Jasvir Singh ("Singh") (A#201755559), as well as a Motion to Dismiss for Lack of Jurisdiction (ECF No. 13) filed by the Government. At the time of filing, Singh was a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") incarcerated at the LaSalle Correctional Center in Olla, Louisiana. ECF No. 5.

Because the Court lacks jurisdiction over Singh's claims, the Motion to Dismiss (ECF No. 13) should be GRANTED and the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I.  **Background**

Singh filed an emergency motion for a temporary restraining order in the United States Court of Appeals for the Ninth Circuit seeking a stay of his removal. That court construed the motion as a § 2241 petition and transferred it to this Court. ECF No. 5.

The Government filed a Motion to Dismiss for lack of jurisdiction.  ECF No. 13.  Singh does not oppose the Motion.

## II. Law and Analysis

Singh alleges that he was denied due process in his credible fear proceeding, which resulted in the denial of asylum and the issuance of an expedited removal order.  Singh specifically sought judicial review under the Ninth Circuit's ruling in *Thuraissigiam v. Dep't of Homeland Security*, 917 F.3d 1097 (9th Cir. 2019) (holding that an alien had a constitutional right to expedited removal proceedings that "conformed to the dictates of due process").

After the case was transferred to this Court, the United States Supreme Court reversed the Ninth Circuit.  *See Dept. of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959, 2020 WL 3454809 (2020).  Thus, Singh's claim is now foreclosed by the Supreme Court's ruling in *Thuraissigiam*.  The Government's unopposed Motion to Dismiss for lack of jurisdiction (ECF No. 13) should be granted.

## III. Conclusion

Because the Court lacks jurisdiction over Singh's claims, IT IS RECOMMENDED that the unopposed Motion to Dismiss (ECF No. 13) be GRANTED and Singh's Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Tuesday, November 10, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE